39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Heshimu R. ARREGUINE, Defendant-Appellant.
 No. 94-30034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Heshimu R. Arreguine appeals his conviction and sentence following a jury trial for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Arreguine argues that the district court erred by denying his suppression motion and by not departing downward. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Arreguine argues that the cocaine should have been suppressed because the Greyhound bus employee who opened his luggage was acting as a government agent.
 
 
 4
 We review de novo the district court's legal conclusion that evidence was obtained pursuant to a private search. United States v. Reed, 15 F.3d 928, 930 (9th Cir.1994). We review the district court's factual findings for clear error. Id.
 
 
 5
 The Fourth Amendment protects against unreasonable intrusions by private individuals only if (1) the government knew of and acquiesced in the search and (2) the individual intended to assist law enforcement efforts. Id. "[I]ncidental contacts between the citizen and law enforcement agents prior to or during the course of a search" does not transform the private citizen into a government agent. United States v. Walther, 652 F.2d 788, 791 (9th Cir.1981). "The government must be involved either directly as a participant or indirectly as an encourager of the private citizen's actions before we deem the citizen to be an instrument of the state." Id.
 
 
 6
 Here, Larry Paulson, a baggage handler at the Greyhound Bus Depot, opened Arreguine's bag twice. He first opened the bag because he suspected that it contained drugs. Paulson then called the police to report the suspicious bag.
 
 
 7
 Upon arriving at the bus station, police detective Gerald Poindexter's narcotics detection dog alerted to the bag. Paulson opened the bag for the second time because he wanted to give the dog better access. Paulson testified that Poindexter saw him unzip the bag, but Poindexter testified he did not see it. The district court found Poindexter's testimony credible and concluded that the detective had not asked Paulson to or seen Paulson unzip the bag.
 
 
 8
 Paulson had had prior contact with police officers about narcotics activity in and around the bus station. Several years before, Poindexter had visited the bus station while training his dog to detect narcotics. Poindexter had left a business card with Paulson and asked him to contact the police if he noticed any suspicious baggage. Poindexter did not instruct Paulson to search baggage.
 
 
 9
 By his own admission, Paulson intended to assist law enforcement efforts by opening Arreguine's bag. Paulson's unilateral action, however, does not make him a government agent because the government did not participate in or encourage his intrusive conduct. See Walther, 652 F.2d at 791. The district court's finding that Poindexter did not acquiesce in or know about Paulson's searches is not clearly erroneous. Paulson testified that he independently decided to open the bag on both occasions. See United States v. Sherwin, 539 F.2d 1, 6-7 (9th Cir.1976) (en banc) (a trucking employee was not acting as a government agent when he made an independent decision to open cargo before contacting law enforcement officials). Poindexter's mere presence when Paulson unzipped the bag is insufficient to establish government acquiescence of that action by a private citizen. See Walter, 652 F.2d at 792. In addition, the police department's prior contact with Paulson--requesting him to notify the police department if he noticed suspicious baggage and leaving a business card--amounted to incidental government involvement and did not transform Paulson into a government agent. See United States v. Miller, 688 F.2d 652, 656-57 (9th Cir.1982) (when police officer had contemplated that citizen would look at stolen trailer parked along road and advertised for sale, but citizen took initiative to intrude onto defendant's property, the police officer had not acquiesced in the intrusive conduct). In sum, the district court properly denied the suppression motion.
 
 
 10
 Finally, Arreguine argues that the Sentencing Guidelines violate his equal protection rights because they punish the possession of a small amount of crack cocaine more harshly than possession of a large amount of powder cocaine. The disparity, he alleges, has a disproportionate impact on young African American males. Aside from Arreguine's failure to ask the district court to depart on this basis, Arreguine's argument fails because he received the mandatory minimum sentence. Absent a government motion to depart based on a defendant's substantial assistance, the district court would not have had the authority to depart downward without proof of illicit racial discrimination. See United States v. Vilchez, 967 F.2d 1351, 1355-56 (9th Cir.1992); see also United States v. Coleman, 24 F.3d 37, 39 (9th Cir.1994) (defendant failed to prove that Sentencing Commission or Congress purposefully discriminated against black defendants based on crack/powder distinction), cert. denied, 1994 WL 417596 (U.S. Oct. 3, 1994) (No. 94-5450).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3